UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRUSTEES OF THE DISTRICT 6 HEALTH PLAN,

                        Plaintiff,

-against-

DOVE LAUNDRY,

                        Defendant.

JUDGE McMAHON

08 CV 0038

COMPLAINT



RECEIVED JAN 03 2008 U.S.D.C. S.D.N.Y. CASHIERS

Plaintiff, by and through its attorneys, Barnes, Iaccarino, Virginia, Ambinder & Shepherd, PLLC, as and for its complaint, respectfully alleges as follows:

### NATURE OF THE ACTION

1. This is a civil action brought pursuant to Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132(a)(3), 1145, and Section 301 of the Labor-Management Relations Act of 1947 ("Taft-Hartley Act"), 29 U.S.C. § 185, by multiemployer health plan (collectively, the "Plan") through its respective Board of Trustees, for injunctive and other equitable relief under ERISA and for breach of contract to secure performance by an employer of specific statutory and contractual obligations to pay and/or submit the required monetary contributions and/or reports to the Plan. This Complaint alleges that by failing, refusing or neglecting to pay and submit the required monetary contributions and reports to the Plan, Defendant violated its collective bargaining agreements with the Union and the respective trust agreements with the funds, as well as committed violations of ERISA.

## JURISDICTION

2. This Court has federal question jurisdiction over this action pursuant to 29 U.S.C. § 1331, 29 U.S.C. § 185 and 29 U.S.C. § 1132(e)(1). Venue is proper in this district pursuant to 29 U.S.C. § 1132(e)(2) and 29 U.S.C. § 185(a).

## THE PARTIES

3. The District 6 Health Plan (the "Health Plan") is a multi-employer labor-management trust fund, organized and operated pursuant to a collective bargaining agreement in accordance with Section 302(c)(5) of the Taft-Hartley Act, 29 U.S.C. § 186(c)(5). The Heath Plan is an employee benefit plan within the meaning of Sections 3(2), 3(3) and 502(d)(1) of ERISA, 29 U.S.C. §§ 1002(1), (2), (3), and 1132(d)(1), and multi-employer plan within the meaning of Sections 3(37) and 515 of ERISA, 29 U.S.C. §§ 1002(37) and 1145. The Health Plan is administered at 730 Broadway, New York, New York 10003.

4. Upon information and belief, at all times relevant hereto, Defendant Dove Laundry ("Dove") was and is a corporation doing business in the State of New York as an employer within the meaning of Sections 3(5) and 515 of ERISA, 29 U.S.C. §§ 1002(5) and 1145, and was and is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act, 29 U.S.C. § 185. Dove maintains its principal place of business at 2270 85th Street, Brooklyn, New York 11214.

## BACKGROUND

5. The Plaintiff Health Plan collectively provides health benefits to members of District 6 International Union of Industrial, Service, Transport and Health Employees (the "Union").

2

6. At all times relevant hereto, Defendant Dove was and is a signatory to a Collective Bargaining Agreement with the Union establishing the terms and conditions of employment for Defendant's employees performing work covered by the Collective Bargaining Agreements within the geographical jurisdiction of the Union.

7. Pursuant to the Collective Bargaining Agreements, Defendant Dove agreed to pay to the Plaintiff Health Plan benefit contributions and to forward dues checkoffs to the Union for each hour worked by employees covered by the Collective Bargaining Agreements.

8. Upon information and belief, Defendants employed certain employees covered under the Collective Bargaining Agreements.

9. Upon further information and belief, Defendant Dove has not fulfilled its statutory and contractual obligations to pay the required health benefit contributions to the Plaintiff Health Plan on behalf of employees who perform work covered by the Collective Bargaining Agreements.

10. In accordance with the Trust Agreements and Collection Policies, Defendant Dove is liable for the payment of delinquent fringe contributions, plus interest calculated at the rate of ten percent (10%) per annum on the principal amount owed, liquidated damages of twenty percent (20%) of the principal amount owed, and all costs including, but not limited to, reasonable audit and accounting expenses, and attorneys' fees and costs.

11. Representatives of the Plaintiff Health Plan completed a payroll audit of the books and records of Defendant Dove covering the period from April 1, 2001 through November 30, 2005.

12. The audit revealed that Defendant Dove owed the Plaintiff Health Plan delinquent benefit contributions in the amount of $16,980.00 for the period from April 1, 2001 through November 30, 2005.

13. As a result of the principal amount of the deficiencies assessed against Defendant Dove pursuant to the audit, Defendant owes interest on the principal amount owed accrued at the rate of ten percent (10%) per annum to the Plaintiff Health Plan from date the delinquency was incurred to the date of payment.

14. As a result of the principal amount of the deficiencies assessed against Defendant Dove pursuant to the audit, Defendant owes liquidated damages in the amount of $3,396.00 to the Plaintiff Health Plan.

15. Audit costs against Defendant Dove were assessed at 1,680.00.

16. By letter, dated November 30, 2007, Plaintiffs made demand on Defendant Dove for payment of the deficiencies assessed under the audit.

17. Although demand was duly made, Defendant Dove failed, refused and neglected to make payment of the deficiencies assessed under the audit.

18. As a result of the foregoing, Plaintiff Health Plan has sustained damages for the period from April 1, 2001 through November 30, 2005 in the total amount of at least $22,056.00, including delinquent contributions owed to the Health Plan in the amount of $16,980.00; liquidated damages in the amount of $3,396.00; audit costs in the amount of $1,680.00; plus interest accrued, attorneys' fees and costs.

### FIRST CLAIM FOR RELIEF

19. Plaintiff Health Plan repeats and realleges the allegations set forth in paragraphs 1 through 18 hereof.

20. As a result of work performed by individual employees of Defendant Dove pursuant to the Collective Bargaining Agreement, there became due and owing to the Health Plan from Defendant Dove at least $22,056.00, including benefit contributions in the amount of $16,980.00 pursuant to an audit covering the period from April 1, 2001 through November 30, 2005, plus interest on the principal amount owed calculated at ten percent (10%) per annum; liquidated damages in the amount of $3,396.00 calculated at twenty percent of the principal amount owed; audit costs in the amount of $1,680.00; and attorneys' fees and costs.

21. This failure, refusal or neglect of Defendant Dove to make the required contributions to Plaintiff Health Plan constitutes a violation of the Collective Bargaining Agreement by and between Defendant Dove and the Union, to which Plaintiff Health Plan is a third-party beneficiary.

22. Accordingly, Defendant Dove is liable to Plaintiff Health Plan as and for fringe benefit contributions in the amount of at least $22,056.00, including benefit contributions in the amount of $16,980.00 pursuant to an audit covering the period from April 1, 2001 through November 30, 2005, plus interest on the principal amount owed calculated at ten percent (10%) per annum; liquidated damages in the amount of $3,396.00 calculated at twenty percent of the principal amount owed; audit costs in the amount of $1,680.00; and attorneys' fees and costs.

### SECOND CLAIM FOR RELIEF

23. Plaintiff Health Plan repeats and realleges the allegations set forth in paragraphs 1 through 22 hereof.

24. Section 515 of ERISA, 29 U.S.C. § 1145, requires employers to pay benefit contributions in accordance with the terms and conditions of collective bargaining agreements.

25. Upon information and belief, Defendant Dove, by the terms of the Collective Bargaining Agreement, failed to pay the required monetary contributions to the Plaintiff Health Plan due as a result of work performed by individual employees of Defendant Dove. Such failure to make payment constitutes a violation of Section 515 of ERISA, 29 U.S.C. § 1145.

26. Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), provides that, upon a finding of an employer violation of Section 515 of ERISA, 29 U.S.C. § 1145, the Court shall award to a Plaintiff fund the unpaid benefit contributions, plus statutory damages and interest on the unpaid principal both computed at the rate provided for under the Plaintiff Fund's plan or, if none, as set forth in the United States Internal Revenue Code, 26 U.S.C. § 6621, together with reasonable attorneys' fees, costs and disbursements incurred in the action.

27. Accordingly, Defendant Dove is liable to the Plaintiff Health Plan for the payment of the required monetary contributions owed to the Health Plan in the amount of not less than $22,056.00, and is liable for the additional amount of said statutory damages, together with reasonable attorneys' fees, interest on the unpaid principal, costs and disbursements incurred in this action, pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2).

### THIRD CLAIM FOR RELIEF

28. Plaintiff Health Plan repeats and realleges the allegations set forth in paragraphs 1 through 27 hereof.

29. As a result of work performed by individual employees of Dove, pursuant to the Collective Bargaining Agreement, there became due and owing to the Plaintiff Health Plan from Defendant Dove benefit contributions in an unknown amount to be determined by a court-ordered audit covering the period from December 1, 2005 through the present, plus interest

calculated at the rate of ten percent (10%) per annum, liquidated damages calculated at twenty percent (20%) of the amount owing, audit fees, attorneys' fees, and other costs incurred in connection with the auditing and collection procedures.

30. No part of the benefit contributions contractually due the Plaintiff Health Plan has been paid by Defendant Dove, and the Plaintiff has been damaged in an unknown amount to be determined by a court-ordered audit covering the period from December 1, 2005 through the present, plus interest calculated at the rate of ten percent (10%) per annum, liquidated damages calculated at twenty percent (20%) of the amount owing, audit fees, attorneys' fees, and other costs incurred in connection with the auditing and collection procedures.

31. This failure, refusal or neglect of Defendant Dove to make the required contributions to Plaintiff Health Plan constitutes a violation of the Collective Bargaining Agreement between Defendant Dove and the Union, to which Plaintiff is a third-party beneficiary.

32. Accordingly, Defendant Dove is liable to Plaintiff Health Plan as and for fringe benefit contributions in an unknown amount to be determined by a court-ordered audit covering the period December 1, 2005 through the present, plus interest calculated at the rate of ten percent (10%) per annum, liquidated damages calculated at twenty percent (20%) of the amount owing, audit fees, attorneys' fees, and other costs incurred in connection with the Health Plan's auditing and collection procedures.

## FOURTH CLAIM FOR RELIEF

33. Plaintiff Health Plan repeats and realleges the allegations set forth in paragraphs 1 through 32 hereof.

34. Pursuant to the terms and conditions of the Collective Bargaining Agreement, Defendant Dove is required to timely pay and/or submit fringe benefit contributions and/or reports to Plaintiff Health Plan, and permit and cooperate in the conduct of audits of Defendant Dove's books and records for so long as defendants remain obligated to do so pursuant to the Collective Bargaining Agreement.

35. Upon information and belief, Defendant Dove has failed to timely pay and/or submit fringe benefit contributions to the Plaintiff Health Plan for the period from December 1, 2005 through the present, and is currently in breach of its obligations under the Collective Bargaining Agreement.

36. Plaintiff Health Plan has no adequate remedy at law to insure that Defendant Dove will adhere to the terms of the Collective Bargaining Agreement.

37. Plaintiff Health Plan will suffer immediate and irreparable injury unless Defendant Dove, and its officers, agents, servants and employees, are enjoined from failing, refusing or neglecting to pay and/or submit the required monetary contributions and/or reports to the Plaintiff Health Plan, and to permit and cooperate in the conduct of audits for so long as Defendant Dove remains obligated to do so pursuant to the Collective Bargaining Agreement.

38. Accordingly, Plaintiff Health Plan requests that this Court issue an injunction permanently enjoining Defendant Dove, its officers, agents, servants, employees and all persons in active concert or participation with it who receive actual notice of the order by personal service or otherwise, from failing, refusing or neglecting to pay and/or submit the required contributions and/or reports to plaintiffs Funds and requiring them to permit and cooperate in the conduct of audits for the term of the Collective Bargaining Agreement.

**WHEREFORE,**

(1)     Plaintiff Health Plan demands judgment on its First Claim for Relief against Defendant Dove as and for benefit contributions in the amount of not less than $22,056.00 based on an audit covering the period from April 1, 2001 through November 30, 2005, including benefit contributions in the amount of $16,980.00, plus interest on the principal amount owed calculated at ten percent (10%) per annum; liquidated damages in the amount of $3,396.00 calculated at twenty percent of the principal amount owed; audit costs in the amount of $1,680.00; and attorneys' fees and costs incurred in connection with the auditing and collection procedures in accordance with the Collective Bargaining Agreement;

(2)     Plaintiff Health Plan demands judgment on its Second Claim for Relief against Defendant Dove as and for fringe benefit contributions to the Health Plan in the amount of not less than $22,056.00, including benefit contributions in the amount of $16,980.00, plus interest on the principal amount owed calculated at ten percent (10%) per annum; liquidated damages in the amount of $3,396.00 calculated at twenty percent of the principal amount owed; audit costs in the amount of $1,680.00; and attorneys' fees and costs incurred in connection with the auditing and collection procedures in accordance with the Collective Bargaining Agreement pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2);

(3)     Plaintiff Health Plan demands judgment on its Third Claim for Relief for an order directing Defendant Dove to permit and cooperate with the Health Plan and its designated representatives in the conduct of an audit of Dove's books and records for the period from December 1, 2005 through the present;

(4)     Plaintiff Health Plan demands injunctive relief on its Fourth Claim for Relief against Defendant Dove permanently enjoining Defendant, its officers, agents, servants,

employees and all persons in active concert or participation with it who receive actual notice of the order by personal service or otherwise from failing, refusing or neglecting to permit and cooperate in the conduct of audits for the term of the Collective Bargaining Agreements;

Dated: New York, New York
　　　　December 31, 2007

　　　　　　　　　　　　　　　　BARNES, IACCARINO, VIRGINIA,
　　　　　　　　　　　　　　　　AMBINDER & SHEPHERD, PLLC

　　　　　　By:　　　　　_____
　　　　　　　　　　　　　　　　Charles R. Virginia, Esq. (CV 8214)
　　　　　　　　　　　　　　　　Trinity Centre
　　　　　　　　　　　　　　　　111 Broadway, Suite 1403
　　　　　　　　　　　　　　　　New York, New York 10006
　　　　　　　　　　　　　　　　Office Tel. No.: (212) 943-9080
　　　　　　　　　　　　　　　　*Attorneys for Plaintiffs*

U:\Winword Documents\District 6 Benefit Funds\Collections\Dove\December 2007 Complaint.doc